| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ERIC NELSON BERTRAM, §
　　　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:08-CV-222
　　　　　　　　　　　　　　　　§
JODY R. UPTON, §
　　　　　　　　　　　　　　　　§
　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Eric Nelson Bertram, a federal prisoner confined in Beaumont, Texas, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge.  The magistrate judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  Although the magistrate judge erroneously noted that petitioner was convicted in the Southern District of Illinois, petitioner's objections concerning the substance of the Report and Recommendation are without merit.

Petitioner contends that he was denied counsel at his parole revocation hearing. A parolee is generally not entitled to counsel at a revocation hearing, unless he makes a colorable claim that he did not commit the alleged violation, there are substantial mitigating circumstances, or the parolee appears unable to speak for himself effectively. *Gagnon v. Scarpelli*, 411 U.S. 778, 790-91 (1973). Petitioner has not demonstrated that any circumstances existed that gave him a constitutional right to counsel. Federal regulations allow parolees to representation by appointed or retained counsel, but petitioner did not retain counsel or follow the procedures for appointment of counsel. Petitioner waived counsel at his preliminary hearing. Although petitioner did not waive counsel for the revocation hearing in writing, he did not request counsel, and he did not fill out the necessary form for appointment of counsel. Petitioner also complains that he was not present at the revocation hearing. Petitioner was not excluded from the hearing; he declined to attend because he was not represented by counsel.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 22nd day of September, 2011.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE